IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-51,135-01






EX PARTE CARLOS GRANADOS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM WILLIAMSON COUNTY






 Johnson, J., filed a concurring statement, joined by Meyers and Price, JJ.



C O N C U R R I N G S T A T E M E N T



 I concur in the denial of relief. The circumstances of this case echo the
circumstances-ineffective assistance of appellate counsel-in Ex parte Kerr, 64 S.W.3d 414
(Tex.Crim.App. 2002). Appellate counsel in this case filed a two-page habeas corpus application
that raised a single record-based claim, a claim that should have been raised on direct appeal and is
therefore not cognizable in habeas corpus. If a claim is not cognizable, this Court may not, and will
not, consider the merits of the claim. The claim should not, therefore, be said to "challenge the
conviction."

 To constitute a document worthy of the title"writ application" filed pursuant
to article 11.071, the writ must seek "relief from a judgment imposing a sentence of
death." (Footnote omitted.) A death penalty "writ" that does not challenge the
validity of the underlying judgment and which, even if meritorious, would not result
in immediate relief from his capital murder conviction or death sentence, is not an
"initial application" for purposes of art. 11.071, §5 . . ..


Id. at 419 (emphasis in original).


If the document does not challenge the conviction, it is not a writ. The pleading at issue here, styled
an application for writ of habeas corpus and filed by previous habeas counsel, stated only one claim,
a claim that is not cognizable on habeas. Arguably then, the prior pleading was not a writ
application. 

 However, even that very brief pleading suggests a colorable claim of ineffective assistance
of counsel at trial; during the punishment hearing, defense counsel elicited from Dr. Quijano
testimony that asserted that race and ethnicity were among a number of factors that juries could
consider in deciding the special issue on future dangerousness. (1) Still, the only complaint raised in
the prior pleading was that "imposition of the death penalty in this case violates the due process
clause of the Fourteenth Amendment to the United States Constitution." There was no ground based
on ineffective assistance of counsel. While there is passing mention in the argument section of
"inadvertent conduct" or "carelessness" by defense counsel, the focus was clearly on the introduction
of race and ethnicity into the punishment hearing. (2)

 

 Recently, albeit earlier in the appeal process, we remanded a capital case to the trial court to
"investigate and evaluate the accuracy of the assertions" of ineffective assistance of appellate
counsel. Ex parte Juan Jose Reynoso, WR-66,260-01, Tex.Crim.App., filed December 20, 2006 (not
designated for publication). Applicant's complaints about habeas counsel are similar to
Reynoso's-failure to have any contact with the applicant or to file an adequate writ application. The
issues in the present filings, it could be argued, do not invoke the jurisdiction of this court; we have
before us no "initial" or subsequent writ application, only a motion for stay of execution and a
motion to vacate judgment ("Alternatively [A] Suggestion for Rehearing on the Court's Own
Motion").

 Unlike the applicant in Reynoso, Granados has had the benefit of federal habeas counsel. 
Those attorneys have presumably been able to review the record and make some preliminary
judgment about the kind of avenues of extra-record investigation and expert assistance that might
be fruitful in developing cognizable habeas claims. They were presumably in the same posture as
an attorney conducting a preliminary investigation for purposes of an initial habeas application under
Article 11.071. Such an attorney is authorized to file a motion in the convicting court for
prepayment of investigative and expert expenses based upon what his preliminary investigation has
suggested might be viable issues to raise in a writ application. See Tex. Code Crim. Proc. article
11.071, § 3(b). Although Granados's federal habeas counsel presumably have been provided with
sufficient resources to make at least this preliminary assessment of the potential extra-record claims,
they have suggested no such claims in the pleadings before us now. Either their preliminary
investigation suggested such avenues of investigation, or it did not. If it did, I am at a loss to explain
why no such avenue has been suggested to us in order to justify a last-minute stay and a second
"initial" writ application. The colorable claim for relief-ineffective assistance of counsel- remains
unraised in state court. 

 Applicant was found guilty of a brutal crime and may well deserve his sentence of death. The
testimony of Dr. Quijano may or may not have improperly influenced the punishment assessed by
the jury. Regardless, the justice system must still perform its constitutional and statutory duties to
provide a full and fair opportunity to have relevant issues addressed and resolved. While to do less
may not result in an injustice to a particular applicant, it has the potential to erode confidence in the
justice system itself. Still, the pleadings before us do not provide a basis for granting relief.

 


Filed: January 10, 2007

Do not publish
1. Dr. Quijano had not examined Granado and testified about future dangerousness in the abstract. When
asked for an opinion about Granado, he stated that a person like Granado would not be a continuing danger in prison
society. Granado v. Quarterman, 455 F.3d 529, 534 (5th Cir. 2006). 
2. In federal court, two grounds were raised, both pursuant to the Sixth Amendment to the United States
Constitution: denial of constitutionally effective counsel and failure to require the state to prove lack of mitigation
(Apprendi/Ring). Granado v. Quarterman, 455 F.3d 529, 531 (5th Cir. 2006).